UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EVELYN INEZ RIVERA,

    Plaintiff,

v.                                                                          CASE NO. 6:19-CV-843-Orl-MAP

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## ORDER

This is an action for review of the administrative denial of disability insurance benefits (DIB) and period of disability benefits. [1] *See* 42 U.S.C. § 405(g). Plaintiff argues the Court should remand her case to the agency under sentence six of 42 U.S.C. § 405(g) in light of new evidence she submitted to the Court for the first time.[2] After reviewing the ALJ's decision, I find the new evidence warrants remand under sentence six of 42 U.S.C. § 405(g).

    A.    *Background*

Plaintiff Evelyn Rivera was born on July 22, 1974. She dropped out of high school in the ninth grade and never obtained her GED. (R. 47) At the time of the hearing, she was living in Palm Bay with her husband of 26 years, her 22-year-old daughter, and her five- and seven-year-old sons. (R. 46) Before her disability onset date of September 10, 2015, Plaintiff worked as a

---

[1] The parties have consented to proceed before me pursuant to 28 U.S.C. § 636(c).

[2] Notably, the Plaintiff does not assert that the ALJ's decision is unsupported by substantial evidence.

manager at a craft and hobby store, a stocker for JC Penney's, a teller for SunTrust Bank, a medical billing specialist, and an administrative assistant at a chiropractor's office. (R. 47-50)

In February 2010, years before her onset date, Plaintiff injured her back in a car accident. After recuperating, she returned to work. Plaintiff was in a second car accident in January 2014, again hurting her back. (R. 54) She had a left L5-S1 microdiscectomy in April 2014, that did not alleviate her pain. Plaintiff testified she needs revision surgery but has not yet scheduled it. (R. 55) Her pain is usually a nine or ten on the pain scale, although her pain medication sometimes provides a modicum of relief. (R. 56) Pain radiates down her legs, which often go numb. She has neck pain that also radiates down her arms and into her hands. She testified that "everything falls out of my hands." (R. 61) She does not leave the house unless she has to (when no one else can help her run errands). She fears crowds. She is HIV-positive. She experiences migraines five days a week. (R. 62) Her husband and adult daughter manage childcare for Plaintiff's younger kids, and Plaintiff only drives short distances when necessary. (R. 63)

After a hearing, the ALJ found that Plaintiff suffers from the severe impairments of disorders of degenerative disc disease and bilateral degenerative joint disease (R. 13) The ALJ determined that Plaintiff is not disabled as she retains the RFC to perform light work "except she can perform occasional climbing, balancing, stooping, kneeling, crouching, and crawling. She should not be required to walk on uneven surfaces." (R. 15) After consulting a vocational expert (VE), the ALJ found that, with this RFC, Plaintiff could perform her past relevant work as a retail store manager, a teller, a medical voucher clerk, and an administrative clerk. (R. 21) The Appeals Council (AC) denied review. Plaintiff, her administrative remedies exhausted, filed this action.

Attached to the parties' joint memorandum is a Physical Restrictions Evaluation form signed by Plaintiff's orthopedist and physician assistant, dated April 4, 2019, ten months after the ALJ's June 2018 decision denying Plaintiff's claim (doc. 24-1).  This evidence was not before either the ALJ or the AC.  Plaintiff's sole argument on appeal to this Court is that the April 4, 2019 Physical Restrictions Evaluation is new evidence that warrants remand under sentence six of 42 U.S.C. § 405(g).

### B.     *Standard of Review*

To be entitled to DIB, a claimant must be unable to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  *See* 42 U.S.C. § 423(d)(1)(A).  A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  *See* 42 U.S.C. § 423(d)(3).

The Social Security Administration, to regularize the adjudicative process, promulgated detailed regulations.  These regulations establish a "sequential evaluation process" to determine if a claimant is disabled.  *See* 20 C.F.R. § 404.1520.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. § 404.1520(a)(4).  Under this process, the Commissioner must determine, in sequence: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (*i.e.*, one that significantly limits her ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4)

considering the Commissioner's determination of claimant's RFC, whether the claimant can perform her past relevant work; and (5) if the claimant cannot perform the tasks required of her prior work, the ALJ must decide if the claimant can do other work in the national economy because of her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4). A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); 20 C.F.R. § 404.1520(f), (g).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The ALJ's factual findings are conclusive if "substantial evidence consisting of relevant evidence as a reasonable person would accept as adequate to support a conclusion exists." *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citation and quotations omitted). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066 (citations omitted).

    C.    *Discussion*

        1.    *New evidence submitted to the Court*

Plaintiff's sole argument is that the evaluation signed by her treating orthopedist and physician assistant on April 9, 2019, and submitted to this Court for the first time is new evidence requiring remand under sentence six of 42 U.S.C. 405(g). The Commissioner retorts that the evaluation is cumulative evidence unlikely to change the administrative result.

4

Under sentence six of section 405(g), "the federal court [has] the power to remand the application of benefits to the Commissioner for the taking of additional evidence upon a showing 'that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007) (quoting 42 U.S.C. § 405(g)). The "sole means for a district court to remand to the Commissioner to consider new evidence presented for the first time in the district court" is when a plaintiff shows that the new evidence in non-cumulative, material, and that good cause exists for failing to incorporate the evidence into the record in a prior proceeding. *Id.* at 1267; *see also Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1218 (11th Cir. 2001) (citations omitted) (to prevail on claim of remand under sentence six, claimant must show (1) new, non-cumulative evidence; (2) that is material, that is, relevant and probative so there is reasonable possibility it would change administrative results; and (3) there is good cause for failure to submit evidence at administrative hearing); 42 U.S.C. § 405(g).

The new evidence must relate to the period on or before the date of the ALJ's decision. *Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999); *Enix v. Comm'r of Soc. Sec.*, 461 F. App'x 861 (11th Cir. 2012). Evidence that a condition the ALJ previously considered has deteriorated may entitle a claimant to benefits under a new application, but it is not probative of whether a person is disabled during the specific period under review. *Wilson*, 179 F.3d at 1279; *see also Griffin v. Comm'r of Soc. Sec.*, 723 F. App'x 855, 858 (11th Cir. 2018) (finding MRI report prepared four months after ALJ's decision not chronologically relevant or material as there was no indication report related back to the relevant time period).

Here, orthopedist Jim Billys, M.D. and physician assistant Casey Langer of the BACK Center completed a three-page Physical Restrictions Evaluation of Plaintiff on April 9, 2019 (doc. 24-1). There is no evidence they examined Plaintiff on that date: their evaluation states it is based on their past treatment of Plaintiff, which began on February 25, 2016, when Plaintiff had her first appointment with Mr. Langer and Dr. Datta, an orthopedic surgeon at the BACK Center. (R. 924) The form instructs Dr. Billys to base his findings "on your review of records from 2/25/16 through the present." (doc. 24-1 at 1). After reviewing Plaintiff's treatment records, Dr. Billys opined Plaintiff should sit for three hours, stand or walk for three hours, and lay down or recline for two hours out of an eight-hour workday. When asked to describe the medical findings supporting this assessment, Dr. Billys wrote: "DDD + HNP L Spine L5-S1 + C5-7 DDD + HNP. Numbness/tingling hands + feet due to nerve irritation." (*Id.*)

Additionally, Dr. Billys stated Plaintiff can only occasionally look down, look up, turn her head left or right, and hold her head in a static position (*Id.*). The side effects of drowsiness and fogginess from her pain medication Norco would cause her to be off task 15% of every workday (*Id.* at 1-2). She can lift less than 10 pounds frequently and less than 30 pounds occasionally. She can reach above her head only 75% of a workday; the same with pushing and pulling (*Id.* at 2). She would miss at least three workdays every month due to her impairments. Last, Dr. Billys attested that "the above limitations are my independent opinion based on my review of my patient's medical records, the medical and clinical findings as reflected in my treatment notes, my knowledge of the patient's condition, and my professional experience." (*Id.* at 3).

Against this backdrop, the first issue I must decide is whether the Physical Restrictions Evaluation is new, non-cumulative evidence. *See Vega*, 265 F.3d at 1218. I find it is. Dr. Billys

authored the evaluation *after* the ALJ rendered his decision and *after* the AC denied Plaintiff's appeal, and there is no similar evidence in the record from a treating source. *See Cannon v. Bowen*, 858 F.2d 1541, 1546 (11th Cir. 1988); *Lipscomb v. Comm'r of Soc. Sec.*, 199 F. App'x 903, 907 (11th Cir. 2006). Additionally, Dr. Billys based his findings on treatment that his office provided during the relevant time period.

The second issue is whether the Physical Restrictions Form is material. "To be material, the evidence must be relevant and probative so that there is a reasonable probability that it would change the administrative outcome." *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986) (citation omitted). I find the Physical Restrictions Form is material. Plaintiff's first treatment at the BACK Center was in February 2016, for her low back and neck pain. (R. 924) She relayed that she had back surgery two years earlier that "never offered a great deal of relief for her and unfortunately, the left lower extremity symptoms have returned. . . . She is terrified of an additional surgery, but tells me she cannot continue to live with such severe pain." (*Id.*) Dr. Datta prescribed lumbar epidural steroid injections. "May suggest to her to see the surgeon to discuss more definitive options. Right now, she is really trying to avoid that." (R. 926)

Plaintiff treated at the BACK Center again in February 2018 (two years after her first appointment after intervening treatment from other providers), again for low back pain. (R. 1198) Her pain was seven to ten on the pain scale, and it caused weakness, numbness, tingling, and radiating pain down her arm. Aggravating factors included sitting, standing, walking, lifting, carrying, getting out of bed, and going from sit to stand. The next month, Dr. Billys administered bilateral SI joint injections for pain management. (R. 1193-94) At a follow-up appointment in April 2018 (two months before the ALJ's decision), Dr. Billys summarized Plaintiff's symptoms:

> She was doing well after surgery, but then developed recurrent pain at this time on the right with S1 radicular symptoms. In addition, she has gone on to develop a lot of mechanical back pain made worse with bending, lifting, and twisting. She has had a recent MRI, which I reviewed today which does show a new disk herniation on the right side with impingement on the exiting S1 nerve root. It also shows modic changes with loss of disk height due to the previous large disk herniation. She has some slight signal changes in the disk above.

(R. 1192) At that appointment, Plaintiff was in so much pain she was resolved to proceed with surgery. Dr. Billys opined, "she would benefit from a diskectomy and a stabilization [because] she is having mechanical back pain and the fact that she has had recurrent disk herniations prior to surgery; however, she is to have a diskogram at L4-L5 with Dr. Datta." (*Id*.)

So, Plaintiff had lumbar and cervical imaging the next month, which revealed mild disc degeneration at L4-L5, "moderate disc degeneration with adjacent endplate mild chronic inflammation, and moderate disc extrusion impinging the right S1 nerve root and obliterating the right lateral recess." (R. 1202) At C5-C6, Plaintiff had "mild disc degeneration and mild to moderate disc herniation, possibly impinging the cord," and "mild to moderate disc herniation" at C6-C7. (R. 1204)

These records were included in the administrative record and were before the ALJ and the AC. The ALJ referenced Plaintiff's February 2016 treatment at the BACK Center. (R. 18) He did not mention Dr. Billys's February, March, and April 2018 treatment records. He summarized Plaintiffs May 2018 MRI results instead. (R. 20) Interestingly, in the next paragraph, the ALJ assigned partial weight to the March 2016 opinion of non-examining state agency physician Shakra Junejo, M.D. (*Id*.) Without referencing Plaintiff's 2018 treatment at the BACK Center or Dr. Billys's April 2019 evaluation (because these records did not exist at the time), Dr. Junejo opined that Plaintiff can lift and/or carry twenty pounds occasionally and ten pounds frequently; can stand

8

and/or walk six hours in an eight-hour workday; can sit for six hours in an eight-hour workday; and had no restrictions on pushing and pulling. (R. 20, 113)  The ALJ wrote: "I give this opinion partial weight because it was rendered without review of evidence admitted at the hearing," (R. 20) including Dr. Billys's records from 2018.

With this in mind, there is a reasonable probability that had the Physical Restrictions Evaluation been a part of the administrative record, it would have changed the outcome.  The evaluation contains a treating physician's opinion on Plaintiff's impairment-related limitations, evidence the ALJ did not have when he issued his decision.  Although the evaluation may not have controlling weight under the regulations – after all, a claimant's RFC determination is reserved for the ALJ – "this court does not determine the weight of new evidence submitted for the first time in district court and not included in the record of the administrative proceeding." *Boston v. Colvin*, Case No. 2:14-cv-2016-SLB, 2016 WL 3753161, at *3 (N.D. Ala. July 14, 2016).  Additionally, "the court is not permitted to 'discount' the evidence at this stage of the proceeding – although the ALJ may certainly do so on remand." *Id*. (citing *Cannon*, 858 F.2d at 1546).  "[When] determining whether to remand a case to the [Commissioner] for consideration of new evidence, the mere statement by the [Commissioner] that the new evidence would not ultimately change the decision cannot be accorded any weight since the statement concerning the materiality of the evidence not in the certified administrative record is advisory at best." *Caulder*, 791 F.2d at 877 (citing *Cherry v. Heckler*, 760 F.2d 1186, 1194 (11th Cir. 1985)).  The court must accept as valid the new evidence in deciding whether it is material. *Washington v. Comm'r of Soc. Sec.*, 806 F.3d 1317, 1321-22 (11th Cir. 2015).

Dr. Billys's evaluation pertains to a condition (back pain) that Plaintiff listed in her application as the source of her disability, and it contains the physician's medical opinion on Plaintiff's limitations related to this impairment during the relevant time period (doc. 24-1). *See Caulder*, 791 F.2d at 877-78. Dr. Billys's evaluation is material, as there is at least a reasonable probability it would change the administrative result.

The final issue is whether Plaintiff had good cause for not submitting the evidence to the agency. "Good cause for failing to present evidence earlier may exist where, as here, *the evidence did not exist at the time of the administrative proceeding*," *Cherry*, 760 F.2d at 1192 (emphasis added), and nothing before the Court "reflects any bad faith attempt by [the claimant] to manipulate the administrative process." *Lipscomb*, 199 F. App'x at 907; *see also Cannon*, 858 F.2d at 1546 ("there is good cause for failing to present the evidence because *it did not exist* at the time of the administrative hearing or the district court proceedings") (emphasis added); *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987) ("because this new *evidence did not exist* at the time of the administrative proceedings Hyde has established good cause for failure to submit the evidence at the administrative level") (emphasis added); *Smith v. Bowen*, 792 F.2d 1547, 1550 (11th Cir. 1986) ("Smith has established good cause for failure to submit the evidence at the administrative level because *it did not exist* at that time.") (emphasis added); *Caulder*, 791 F.2d at 878 ("Caulder did establish good cause for failure to submit the evidence at the administrative level because the *evidence did not exist* at that time") (emphasis added); *Archer v. Comm'r of Soc. Sec.*, 176 F. App'x 80, 82 n.3 (11th Cir. 2006) (noting that "[t]he good cause requirement is satisfied when the *evidence did not exist* at the time of the administrative proceedings," and that the district court had "stated that the mere non-existence of the evidence did not amount to good cause," but that

10

"finding [was] contrary to this circuit's standard" (citing *Cannon*, 858, F.2d at 1546)) (other citations omitted and emphasis added).

Dr. Billys, his physician assistant, and the other doctors at the BACK Center treated Plaintiff over several years. He opined that Plaintiff will miss over three days per month due to her back pain, can only sit for three hours, can stand for three hours, and must recline or elevate her legs every three to four hours for at least 30 minutes (doc. 24-1 at 1-2). Before the ALJ's decision (finding Plaintiff capable of performing sustained work activity), there was no apparent need for a treating physician to opine about Plaintiff's limitations regarding these vocational limitations. Under these facts, I find good cause for Plaintiff not presenting Dr. Billys's opinion during the administrative proceedings, because it did not exist until after the administrative proceeding.

### D.   *Conclusion*

For the reasons stated above, it is ORDERED:

    (1) The Commissioner's decision is REVERSED and REMANDED for further administrative proceedings consistent with this Order; and

    (2) The Clerk of Court is directed to enter judgment for Plaintiff and close the case.

DONE and ORDERED in Tampa, Florida on May 4, 2020.

_Mark A. Pizzo_
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE